# CASES

IN THE

# SUPREME JUDICIAL COURT

FOR

## THE COUNTY OF YORK, APRIL TERM, 1831.

---

### WOODMAN *vs.* COOLBROTH.

A leading interrogatory, in a deposition taken when both parties are present, must be objected to at the time it is put to the witness, if at all.

Where the parties to a deed were both present at the time of its execution, and the grantor was bound by his previous contract to make the deed; yet the grantee having taken it up and carried it away without the consent of the grantor, this was held to be no delivery of the deed.

Office-copies of deeds of conveyance, to which he who offers them is not a party, are in all cases admissible in proof of title. And where such office-copy was rejected, though the party then produced, proved and read the original, yet the verdict, being against him, was for this cause set aside.

THIS was a writ of entry, in which the tenant claimed title to the land under a deed from the demandant to *Nathan Winslow,* and from him, by mesne conveyances, to the tenant.

At the trial, before *Parris J.* the tenant offered in evidence an office-copy of the deed from the demandant to *Winslow;* which being objected to, was not admitted. He then produced the original deed, and proved its execution.

It appeared that the premises had once belonged to one *Johnson,* who was indebted to the demandant on sundry promissory notes;

and that he had conveyed the land to the demandant for the price of one hundred dollars, which was indorsed on one of his notes. Afterwards the demandant agreed with *Winslow*, who negotiated for the benefit of *Johnson*, that he would give up the land, and that the indorsement should be cancelled, on payment of the sum of eighty dollars. *Winslow* then obtained an obligation from *Johnson* agreeing to the cancelling of the indorsement; which he showed to the demandant, who expressed himself satisfied with its terms. They then went to the office of one *Richardson*, a scrivener, where a deed was drawn and signed, and the eighty dollars paid to the demandant and indorsed on one of *Johnson's* notes. The demandant again examined the obligation, objected to its tenor, and laid it down on the table. *Richardson*, in the mean time, handed the deed to *Winslow*, who took it away, leaving the obligation with the demandant; the latter at the same time calling on the persons present to take notice that he took the deed without leave. *Winslow* testified that the contract on his part had been strictly fulfilled.

The demandant then offered the deposition of *Richardson*; which was objected to because all the interrogatories on his part were leading. But the objection was overruled.

Upon this evidence the judge instructed the jury that unless the deed was delivered to *Winslow* by *Woodman*, or by another person acting for him; or came into *Winslow's* possession with the approbation and consent of *Woodman*, nothing passed by it:—and that even if *Winslow* had fully complied with the agreement on his part, by which he had a right to demand a deed in fulfilment of the agreement; yet if he took the instrument without *Woodman's* consent and against his will, the fee in the premises therein described did not pass to him thereby :—that it was immaterial what induced *Woodman* to refuse to deliver the instrument; if he did so refuse, from whatever cause, and did not deliver it either himself or by the agency of some other person, and it did not come into *Winslow's* possession by *Woodman's* assent, nothing passed by it. The jury, under these instructions, returned a verdict for the demandant; which was taken subject to the opinion of the court upon their correctness, and upon

the decisions of the judge upon the deed and deposition offered in evidence at the trial.

*E. Shepley,* for the tenant, to the admissibilty of the copy of the deed, referred to *Rule* 34 of the rules of practice in this court, admitting office-copies of all deeds to which the officer is not a party ; and cited *Thompson v. Hatch,* 3 *Pick.* 512 ; *Rathbone v. Rathbone,* 4 *Pick.* 89.

To the inadmissibility of *Richardson's* deposition he cited 1 *Stark. Ev.* 123, 124 ; 1 *Phil. Ev.* 205, *in notis;* and argued that from the course of our practice in the taking of depositions, especially when the adverse party, whether from accident or design, does not attend, it ought not to be required that objections to interrogatories should be made at the time when they are put. Such a rule would place a strong temptation before one party always to take depositions when it was most probable the other could not attend.

As to the delivery of the deed, he contended that the instructions of the judge were too limited. The strictness of the old rules on this subject has been much relaxed ; and courts look rather to the substance than the formalities of delivery. Where the deeds is in the hands of the grantee with the implied assent of the grantor, it is enough. And here his assent ought to be implied from the fact that the terms of the contract on the other side were fulfilled, upon which he was bound to deliver the deed. 2 *Com. Dig. tit. Fait, A.* 3 ; 2 *Stark. Ev.* 477, *in notis ; Porter v. Cole,* 3 *Greenl.* 20.

*N. Emery,* for the demandant.

This argument was made in the last year ; and the opinion of the Court was read at the last *September* term, as drawn up by

PARRIS J. We are not satisfied that the verdict ought to be disturbed on account of the admission of *Richardson's* deposition.

In permitting leading questions to be put to a witness much is confided to the discretion of the court or magistrate before whom the examination is had.

A witness may be so dull in intellect, or embarrassed through timidity, as not to be able to communicate intelligibly upon the points di-

rectly in issue by a general and diffuse statement. The only mode by which testimony in such cases can be drawn forth is by direct questions, in some measure partaking of the character of leading interrogatories, propounded, however, in such form as not to suggest to the witness the answer which he is to give, but to free him from embarrassment and ensure a developement of truth. Or the person under examination may be what is termed an unwilling witness, in which case the party calling him would be indulged in putting leading questions to the utmost latitude permitted in a cross examination.

In this case it does not appear that any objection was made to the interrogatories at the time they were propounded, either by the tenant or his counsel, although by the certificate of the magistrate before whom the deposition was taken, the tenant appears to have been present. In *Sheeler v. Spear*, 3 *Binney*, 130, it was decided that a leading interrogatory must be objected to at the time it is put to the witness. If no exception is then taken by the opposite party, the answer of the witness to the leading question cannot be opposed upon that ground, when his deposition is read upon the trial. *C. J. Tilghman*, in delivering the opinion of the court, says, " the objection to the first interrogatory is, that it is a leading one. I do not think the question was properly put : but the defendant should have objected to it at the time ; he was present and cross examined the witness. If it had been objected to it might have been waived. It was too late to make the objection at the trial." The same doctrine is applied in *Strickler v. Todd*, 10 *Serg. & Rawle*, 63.

Neither do we think that the tenant has reason to complain of the instructions to the jury relative to the delivery of the deed.

The jury were told that unless the deed was actually delivered by the grantor or some person acting for him, or came into the grantee's possession by the approbation and consent of the grantor, nothing passed by it. No one pretends that a ceremonious delivery is requisite ; but the authorities are full in support of the position that an instrument purporting to be a deed obtained without the consent of the grantor is inoperative ; and such were the instructions to the jury. It is true, they were not told, in so many words, that a de-

livery could not be revoked ;—that when once the deed was in the grantee's possession by the consent of the grantor, the fee had passed ; but they were told so substantially ; and if, upon that point, the tenant had desired more particular instructions, it was his duty to move the court to give them, and, if improperly refused, all his rights would have been preserved.

Upon the other point, the rejection of the office-copy, we think the tenant's motion must be sustained. It is true, that according to the *English* practice, office-copies are inadmissible, and the party attempting to support title must do it by producing the original title deeds, not only to himself, but to those under whom he claims. This he is supposed to be able to do without inconvenience, as this evidence uniformly accompanies the title. It is not unfrequently the case that the owner in fee is possessed of all the original title deeds to his estate to a very remote period.

But such is not our practice. Hence has arisen the rule that office-copies may be used in tracing title until we come to the party himself, who, being presumed to be in possession of the original evidence of his own title, must produce it.

But, although in the case at bar the person under whom the tenant claimed was present in court with the original deed in his pocket, and was even offered, by the tenant, as a witness, and the deed was within the tenant's control and used by him on the rejection of the copy, yet we think it better that the rule, salutary in its general operation, should not be impaired or made to yield to the special circumstances of any case, and that the tenant should have opportunity of availing himself of its full operation. Indeed, we do not perceive that we have the right to deprive him of it. The verdict must, therefore, be set aside, and a new trial granted.