## JAMES WILSON, RESPONDENT, *v.* JOSEPH F. WRIGHT, APPELLANT.

EVIDENCE.—SECONDARY EVIDENCE.—COPY OF DEED.—Under § 2617, 2 Comp. Laws, 1888, which provides that the record or a certified copy thereof of any acknowledged, certified and recorded conveyance may be read in evidence without further proof, where it shall be shown to the court that such conveyance is lost or not within the control of the party wishing to use the same, a party who states that he has left the original deed with a person in the city where the trial is had, and that he has made no attempt to get the same is not entitled to offer a copy of such deed in evidence.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Messrs. Marshall and Royle* and *Messrs. King and Houtz,* for the appellant.

*Mr. M. M. Kellogg,* for the respondent .

ZANE, C. J.:

This action was brought to recover the unpaid remainder of the price of plaintiff's interest in certain mining claims sold to the defendant. The respondent testified that he sold and conveyed his interest to the defendant on the 27th of October, 1888; that the defendant at that time paid him $1,500, and agreed to pay $1,000 more when he should sell the claims or find ore in them; that defendant did find ore and sold the claims for the sum of $10,000. The defendant testified that he paid the $1,500 at the time of the sale as the sole consideration, and that he did not agree to pay any other or further consideration. Some time after the $1,500 was paid, the defendant made three different payments to plaintiff, amounting to $300. The plaintiff states these were made upon the $1,000. But the defendant says they were not so paid; that the money was given to plaintiff at his request and for his accommodation. While there is a conflict in the evidence as to the agreement to pay the additional $1,000, we are of the opinion that the weight supports the finding of the jury, which was for the plaintiff for $700, that being the remainder of the $1,000 after deducting the $300. On the trial of the cause the defendant testified that he thought the plaintiff's deed to him for the property was left with one Jones, to whom witness sold; that he had made diligent search for it, and that it was not in witness' possession or control. On this preliminary proof defendant's counsel offered a copy of the deed in evidence duly certified by the recorder, to prove that the consideration for the property was $1,500, that being the amount mentioned in the deed. To the admission of the copy in evidence the plaintiff objected, on the ground that the preliminary proof did not show sufficient diligence to find and produce the original. The court sustained the objection, and the defendant excepted, and assigns the ruling of the court as

error. The consideration named in the deed being $1,500, it would have corroborated the defendant's testimony, had it been admitted in evidence. The general rule with respect to secondary evidence is "that it is inadmissible until it be shown that the production of primary evidence is out of the party's power." The party offering secondary evidence must give some reasonable excuse for the absence of the primary. If the primary evidence is a document, its destruction or loss must be shown by at least presumptive evidence. The party must show that he has in good faith exhausted in a reasonable degree all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him, or that it is out of his power to produce the document. "When the document belongs to the personal custody of a particular individual, or is proved or may be presumed to be in his possession, he must in general be served with a *subpœna duces tecum*, and be sworn to account for it." 1 Tayl. Ev. pp. 396, 397; 1 Greenl. Ev. § 558. To these general rules there are exceptions. In the trial of title to land the rule in the United States, when not changed by statute, is: "It being the general practice in the United States for the grantor to retain his own title deeds, instead of delivering them over to the grantee, the grantee is not held bound to produce them; but the person making the title to lands is in general permitted to read certified copies from the register of all deeds and instruments under which he claims, and to which he is not himself a party, and of which he is not supposed to have the control." Assuming that this rule is applicable in all cases to the admissibility of copies of title deeds certified by the recorder, it does not apply to the case in hand. This defendant is a party to the original deed, and he has the right to its possession. 1 Greenl. Ev. (4th Ed.) § 665, note 6; *Eaton* v. *Campbell*, 7 Pick. 10; *Scanlan* v. *Wright*, 13 Pick. 523; *Woodman* v. *Coolbroth*, 7 Me. 181. Reference is made to 2 Comp. Laws

Utah, 1888, § 2617: "That when any such conveyance or instrument acknowledged or proved, certified and recorded in the manner prescribed by this act, and it shall be shown to the court that such conveyance or instrument is lost, or not within the control of the party wishing to use the same, the record thereof, or the transcript of such record, certified by the recorder under the seal of his office, may be read in evidence without further proof." The preliminary proof does not show that the original deed, of which the defendant offered the copy, was lost or destroyed. The defendant states that he thought it was left with Mr. Jones, who was at the time of the trial in the city in which the trial was had, and it did not appear that inquiry was made of him at any time. The defendant being the grantee in the deed, he was entitled to its possession, as we have seen; if he left it with Mr. Jones, presumably he could have obtained it from him by asking him for it. If a party has the legal right to the possession of a document, in a legal sense it is within his control, though he may have left it with an agent or other person, from whom he has a right to receive it by demanding its possession. The defendant should have inquired of Jones for the deed, and if in his possession should have requested the possession or use of it, and if such request had been refused the defendant could have said that it was not within his control. We hold that the ruling of the court excluding the copy was not error. We find no error in this record, and therefore the judgment of the court below is affirmed.

ANDERSON, J., and MINER, J., concurred.